1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH MOORE, JR.,

11              Plaintiff,                  No. 2:12-cv-2065 DAD P

12       vs.

13   A. NANGALAMA,

14              Defendant.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

23   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

24   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

25   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

26   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

1

be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

§ 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of official personnel in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint plaintiff has identified Dr. Nangalama as the sole defendant.

Plaintiff alleges that defendant Dr. Nangalama told plaintiff he was going to stop his Motrin pain

medication and give him a different pain medication in its place.  Plaintiff alleges that defendant

Dr. Nangalama, however, never prescribed him the new pain medication.  Plaintiff claims that

defendant Dr. Nangalama has in this way been deliberately indifferent to his serious medical

1   needs in violation of the Eighth Amendment.  In terms of relief, plaintiff seeks monetary

2   damages and an order requiring the defendant to prescribe him new pain medication.  (Compl. at

3   3.)

4                                          **DISCUSSION**

5               The allegations in plaintiff's complaint are so vague and conclusory that the court

6   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

7   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

8   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

9   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

10  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

11  with at least some degree of particularity overt acts which defendants engaged in that support his

12  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

13  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

14  amended complaint.

15              If plaintiff chooses to file an amended complaint, he must allege facts

16  demonstrating how the conditions complained of resulted in a deprivation of his federal

17  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

18  amended complaint must allege in specific terms how each named defendant was involved in the

19  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

20  some affirmative link or connection between a defendant's actions and the claimed deprivation.

21  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

22  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

23  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

24  F.2d 266, 268 (9th Cir. 1982).

25              If plaintiff wishes to proceed on an Eighth Amendment claim for inadequate

26  medical care against defendant Dr. Nangalama, he is advised that in Estelle v. Gamble, 429 U.S.

4

1   97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and

2   unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of

3   "deliberate indifference to serious medical needs."  Deliberate indifference is "a state of mind

4   more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the

5   prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

6            To state a cognizable claim for inadequate medical care, plaintiff must allege facts

7   demonstrating how defendant Dr. Nangalama's actions rose to the level of "deliberate

8   indifference."  At most, the allegations of plaintiff's current complaint suggest that defendant Dr.

9   Nangalama was indifferent or negligent in response to plaintiff's medical needs.  However,

10  "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

11  action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

12  105-06).  See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991) ("A finding that the

13  defendant's neglect was an 'isolated occurrence' or an 'isolated exception,' . . . militates against

14  a finding of deliberate indifference"), overruled on other grounds by WMX Techs., Inc. v. Miller,

15  104 F.3d 1133 (9th Cir. 1997) (en banc).  Likewise, a mere disagreement between plaintiff and

16  defendant as to how the defendant provided him with medical care fails to state a cognizable §

17  1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson

18  v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

19  1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

20           Plaintiff is informed that the court cannot refer to a prior pleading in order to

21  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading.  This is because, as a

23  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 21, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
moor2065.14a

6